OF THE STATE OF ARKANSAS. **729**

TERM, 1861.]                    Sherrer vs. Bullock's adm'r.

## SHERRER VS. BULLOCK'S ADM'R.

Where the owner of an improvement on the public land sells his claim, making a
relinquishment thereof, whereby the vendee is permitted to locate it in his own
name with a land warrant, he will not be allowed to avail himself of the plea
of no consideration in a suit for the purchase money, whether the claim of the
vendor was valuable or worthless, or a right to a pre-emption or an improve-
ment.

### Appeal from Ashley Circuit Court.

Hon. JOHN C. MURRAY, Circuit Judge.

CARLTON and HUTCHINSON, for appellant.

HEMPSTEAD, for the appellee.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

Bullock had a small improvement on a piece of land, his hands
had been seen at work upon it a short time before he sold his
claim to Sherrer; for which he took a note of one thousand dol-
lars, on which this suit is brought.

Sherrer, afterwards, located the land with a land warrant, first
sending to the land officer at Helena a relinquishment from Bul-
lock of his improvement to Sherrer, and receiving from the offi-
cer a reply that he would be permitted to cover the land with a
warrant.

To the action Sherrer pleaded that the note was without con-
sideration; and for reversal of the judgment rendered against
him in the Circuit Court, it is contended that Bullock had no
right of pre-emption to the land, no right to the land; that the
amount of the note was so disproportionate to the value of the

improvement that the improvement could not have been the consideration of the note, and that, therefore, the plea was sustained.

Whatever the claim of Bullock was, whether valuable or worthless, a right to a pre-emption, or an improvement, Sherrer recognized it, and saw fit to buy it; and, by means of Bullock yielding his claim, procured the government title. Whether Sherrer made a good bargain, as he told the witnesses, or whether he agreed to pay one thousand dollars for an improvement worth not more than twenty dollars, are matters with which the courts have no concern; but he cannot make use of the fact that Bullock had no claim to the land to obtain the title to himself, and then avoid his promised payment for the claim, whose relinquishment enabled him to make a location of the land, which would not otherwise have been allowed. This would be in direct contrariety to the principle of *Thredgill vs. Pintard*, 12 *How.* 24; and, without any precedent, the law of this case would have been so declared by an affirmance of the judgment; which we now direct to be certified to the Circuit Court.